United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MICHAEL LOCKHART,

    Plaintiff,

v.

K. DE LA FUENTE,

    Defendant.
                          /

No. C 10-4530 WHA (PR)

**ORDER GRANTING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE TO DISMISS; DISMISSING CASE; GRANTING PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME**

(Docket Nos. 10, 15)

## INTRODUCTION

This is a civil rights case filed pro se by an inmate at the Alameda County Jail against Deputy K. De La Fuente, a guard at the jail. Plaintiff alleged in his complaint that defendant used excessive force by pepper-spraying him and wrestling him to the ground on one occasion. When liberally construed, plaintiff's allegations were found to state a cognizable claim for the violation of his constitutional rights. Defendant has filed a motion to dismiss the case as unexhausted, or alternatively for summary judgment. Plaintiff has filed an opposition, and defendant has filed a reply brief. For the reasons discussed below, defendant's motion to dismiss for lack of exhaustion is **GRANTED** and the complaint is **DISMISSED**. In light of this conclusion, defendant's alternative motion for summary judgment is not reached. Plaintiff's motion for an extension of time in which to file the opposition is **GRANTED**.

**ANALYSIS**

A.     Standard of Review

Nonexhaustion under § 1997e(a) is an affirmative defense. *Jones v. Bock*, 549 U.S. 199, 217-18 (2007). Defendants have the burden of raising and proving the absence of exhaustion, and inmates are not required to specifically plead or demonstrate exhaustion in their complaints. *Id.* at 215-17.

A nonexhaustion claim should be raised in an unenumerated motion to dismiss under Rule 12(b) of the Federal Rules of Civil Procedure. *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003). In deciding a motion to dismiss for failure to exhaust nonjudicial remedies, matters beyond the pleadings may be considered and factual issues decided. *Id.* at 1119-20. If it is found that the prisoner has not exhausted nonjudicial remedies, the proper remedy is dismissal without prejudice. *Id.* at 1120.

B.     Exhaustion of Administrative Remedies

Federal law provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Although once within the discretion of the district court, exhaustion in prisoner cases covered by § 1997e(a) is now mandatory. *Porter v Nussle*, 534 U.S. 516, 524 (2002). The exhaustion requirement requires "proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Id.* at 90-91 (footnote omitted).

At the time of the alleged constitutional violation, on July 9, 2009, the Alameda County Sheriff's Office provided inmates in the county jails with a procedure for filing verbal and written administrative grievances about the conditions of their confinement (Martinez Decl., ¶ 9 & Exh. B). The first step for an inmate with a grievance is to discuss the issue with a deputy (*id.* Exh. C at 13-14). If that fails, the next step is to complete an inmate grievance form and

2

1  submit it to the deputy, a copy of the form is returned to the inmate with a tracking number and
2  date, and a response is provided within seven days (*id.* 14).  The inmate may then appeal the
3  denial of the grievance to an Appeal Officer, who must respond within five days (*ibid.*).

4  Defendant has submitted evidence that the jail maintains records of all administrative
5  grievances filed by inmates (Martinez Decl. ¶ 12).  Plaintiff filed only a single administrative
6  grievance during his incarceration at the jail (Martinez Decl. ¶ 13).  The grievance did not
7  concern the incident alleged in his complaint, nor could it have as the grievance was filed
8  approximately 18 months before the incident took place (*ibid.*).  Plaintiff does not dispute that
9  he knew about the grievance procedures but never filed any administrative grievances
10 concerning the issues in this case.  Indeed, in his complaint, he concedes that he did not present
11 the facts in his compliant for review through the grievance procedure (Compl. 1).  Plaintiff
12 states that it is "hard" to obtain the grievance form (*id.* 2), but he does not allege that he ever
13 requested the form or describe either any efforts he made to obtain the form or what, if anything,
14 prevented him from doing so.  Consequently, the exhaustion requirement will not be excused.

15 Because it is clear from the complaint and defendant's uncontradicted evidence that
16 plaintiff did not exhaust his claims, plaintiff concedes as much, and there are no grounds for
17 excusing exhaustion, defendant's motion to dismiss the complaint for lack of exhaustion will be
18 granted.  In light of this conclusion, defendant's alternative motion for summary judgment need
19 not be reached.

## CONCLUSION

21 Defendant's motion to dismiss or alternatively for summary judgment (document
22 number 10) is **GRANTED IN PART**.  The case is **DISMISSED** without prejudice.  Plaintiff's
23 motion for an extension of time (document number 15) is **GRANTED.**

24 The clerk shall enter judgment and close the file.

25 **IT IS SO ORDERED.**

26
27 Dated: August 10, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

28 G:\PRO-SE\WHA\CR.10\LOCKHART4530.MTD&MSJ.wpd